**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIA LORENA GAMEZ LOPEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-71019

Agency No. A209-135-626

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 21, 2020
San Francisco, California

Before:  HAWKINS, N.R. SMITH, and R. NELSON, Circuit Judges.

Maria Gamez Lopez, a native and citizen of Honduras, petitions for review

of the decision by the Board of Immigration Appeals ("BIA") dismissing the

appeal of the immigration judge's ("IJ") denial of her applications for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition in part, grant the petition in part, and remand.

1.      Substantial evidence supports the BIA's conclusion that Gamez Lopez did not establish past persecution, because she failed to establish membership in her proposed social groups ("Honduran women unable to leave a domestic relationship" or "Honduran women viewed as property by virtue of their status in a domestic relationship") during any of the instances of harm. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (per curiam).

        A.      The BIA reasonably concluded that, as a kidnapping victim, Gamez Lopez was not in a "domestic relationship" with her kidnapper (Santos Jovanni Martinez Lopez ("Santos")) during the three months she was held hostage, but rather was a "victim of a heinous criminal act." *See Zehatye v. Gonzales*, 453 F.3d 1182, 1189 (9th Cir. 2006) (noting that if evidence is "susceptible to more than one rational interpretation," this court "may not substitute [its] judgment for that of the IJ").

B.     The BIA reasonably concluded that Gamez Lopez failed to establish that she was unable to leave the domestic relationship.[1]  First, following Gamez Lopez's escape from Santos, she was able to physically escape and live separately for twelve years without any in person contact with Santos.  During this time, Gamez Lopez also entered into two significant relationships (each of which resulted in a child).  Second, while Gamez Lopez was living with Santos's mother, Gamez Lopez was able to leave Santos, with the help of a pastor, after he became physically abusive.  Gamez Lopez did not have any additional physical contact with Santos following this incident.  Although Gamez Lopez would have us interpret the evidence differently, the evidence does not compel an interpretation contrary to that of the BIA.[2]  *See id.*

2.     The BIA's conclusion that Gamez Lopez did not have a well-founded fear of persecution, because she could relocate to avoid persecution is not supported by substantial evidence.  Neither the IJ nor the BIA addressed whether Gamez Lopez

---

[1] The BIA did not specifically mention either of Gamez Lopez's social groups in its discussion.  Rather, the BIA focused on whether she was able to leave her domestic relationship for both groups.  Although the social group "Honduran women *viewed as property* by virtue of their status in a domestic relationship" does not include an inability to leave, it is an implicit factor in the proposed group.

[2] Because substantial evidence supports the BIA's conclusion that Gamez Lopez did not establish past persecution, we need not address Gamez Lopez's claim for humanitarian asylum.  *See* 8 C.F.R. § 1208.13(b)(1)(iii).

3

had established a well-founded fear of future persecution.[3] *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (explaining that a "well-founded fear of future persecution" must be established "by showing both a subjective fear of future persecution, as well as an objectively 'reasonable possibility' of persecution") (quoting *Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1190 (9th Cir. 2005)). Instead, the BIA concluded that Gamez Lopez did not have a well-founded fear of persecution, because she could relocate within Honduras as evidenced by her twelve years of living apart from Santos without experiencing "harm other than threatening phone calls." However, this conclusion improperly discounts the nature of the threatening phone calls. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Our court generally treats unfulfilled threats, without more, as within that category of conduct indicative of a danger of future persecution, rather than as past persecution itself."); *see also Kaiser v. Ashcroft*, 390 F.3d 653, 659-60 (9th Cir. 2004) (explaining that life-threatening phone calls supported conclusion that petitioner could not safely relocate). Gamez Lopez credibly

---

[3] The BIA also did not conclude whether Gamez Lopez would face future persecution on account of a protected ground, including membership in her proposed social group. Thus, we are limited to reviewing whether Gamez Lopez could relocate to avoid persecution. *See Navas v. INS*, 217 F.3d 646, 658 n.16 (9th Cir. 2000) (explaining that the court "cannot affirm the BIA on a ground upon which it did not rely").

testified that Santos (1) stalked her, tracking her location and phone numbers, and (2) threatened her with violence, including death numerous times from 2002 through 2015.[4]  Thus, "the BIA should [have] focus[ed] on the types of threats about which [Gamez Lopez] testifie[d]" and "determin[ed] whether [Santos] has the will or ability to carry out [the] threat[s]." *Rodriguez-Rivera v. U.S. Dep't of Immigration & Naturalization*, 848 F.2d 998, 1005 (9th Cir. 1988).  Accordingly, we remand this case to the BIA to reassess Gamez Lopez's fear of future persecution.

3.     Substantial evidence supports the BIA's conclusion that Gamez Lopez failed to establish a clear probability of torture "at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); *see also Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011).  The record does not suggest that the BIA failed to consider all the evidence.  *See Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004).  To the contrary, the BIA (citing to the IJ's decision) recognized that there was civil unrest in Honduras but highlighted that the Honduran police were responsive to Gamez Lopez's and her mother's complaints even though they were unsuccessful in their

---

[4] Santos also claimed to have killed the father of one of her children, and he threatened to kill other members of her family.

investigations. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). Thus, the BIA reasonably concluded that it was unlikely that Gamez Lopez would be tortured in Honduras, and she has not pointed to any evidence that would compel a conclusion contrary to the BIA. *See Go v. Holder*, 640 F.3d 1047, 1053 (9th Cir. 2011).

Parties shall bear their own costs on appeal.

**PETITION FOR REVIEW DENIED in part; GRANTED in part and REMANDED.**